Dino PHILLIPS, Plaintiff,

v.

The CITY OF NEW YORK,
et al., Defendants.

No. CV–10–2330 (CBA)(VVP).

United States District Court,
E.D. New York.

Oct. 11, 2011.

Brian L. Bromberg, Michael N. Litrownik, Bromberg Law Office, P.C., New York, NY, for Plaintiff.

Gabriel Paul Harvis, Kimberly Marie Savino, New York City Law Department Office of the Corporation Counsel, New York, NY, for Defendants.

### MEMORANDUM ORDER

VIKTOR V. POHORELSKY, United States Magistrate Judge.

The plaintiff has moved to compel the defendants to produce fuller information concerning the disciplinary histories of the individual officers who are named as defendants. The principal points of dispute are the time period for which records are to be produced and redactions made by the defendants to the records that have been produced.

As to the time period issue, the defendants represent that they have produced records relating to all complaints of conduct of a similar nature to that alleged in this action—specifically false arrest, excessive force, and planting of evidence—as well as complaints relating to false statements, for the ten-year period prior to the incidents alleged here.[1] They have declined to produce records relating to allegations of misconduct made more than ten years before the incidents, as well as records that post-date the incidents.

The theory for permitting discovery concerning disciplinary history is that it may lead to evidence of pattern, intent and absence of mistake, see Ismail v. Cohen, 899 F.2d 183, 188–89 (2d Cir.1990), or support a plaintiff's claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), see, e.g., Pacheco v. City of New York, 234 F.R.D. 53, 54–55 (E.D.N.Y.2006).[2] Al-though there is some authority that supports production of records concerning complaints predating those in question by more than ten years, see Barrett v. City of New York, 237 F.R.D. 39, 40–41 (E.D.N.Y.2006) and Frails v. City of New York, 236 F.R.D. 116, 118 (E.D.N.Y.2006), both of those decisions rest in turn on a case involving circumstances vastly different from those here. In that case, Bradley v. City of New York, No. 04 Civ. 8411, 2005 WL 2508253 (S.D.N.Y. Oct. 3, 2005), the more than 20–year disciplinary history of the officer at issue consisted of no less than seventeen Civilian Complaint Review Board (CCRB) complaints, four Internal Affairs Bureau (IAB) investigations, and three Central Personnel Index (CPI) complaints. The court concluded that given such a "striking pattern" of complaints, a ten-year limitation on discovery was not appropriate. Id., 2005 WL 2508253, at *3. Here, according to the defendants' representations, the ten-year disciplinary histories of each officer reveal no such pattern. In the ten years prior to the incidents here, each officer had two unsubstantiated CCRB complaints concerning excessive force, there was one IAB unsubstantiated investigation as to both officers concerning planted evidence, and one IAB report involving a disputed summons which determined that one of the officers failed to make proper memobook entries. In the absence of a pattern, the remaining justifications for production of disciplinary records—i.e., to obtain evidence of intent or absence of mistake—do not apply to conduct occurring more than ten years prior to the incidents in question. Information about incidents occurring that long ago would be too remote in time to be reasonably calculated to lead to admissible evidence, and the defen-

---

1. It is not entirely clear from the defendants' description of the information they have produced whether any information has been withheld concerning the complaints for which they have produced records. Unless privileged (in which case a privilege log would be required), all records relating to those complaints are to be produced, subject to appropriate redactions as discussed below.

2. Evidence concerning disciplinary history is subject to Rule 404(b) of the Federal Rules of Evidence, which prohibits evidence of prior bad acts if offered simply to show a person's propensity to engage in similar conduct, but permits the use of such evidence for other purposes. Whether such evidence will actually be admitted at a trial in this case is, of course, a question for another day. It is within the considerable discretion of the district court to admit such evidence, see Ismail, 899 F.2d at 188–89, or to exclude it, see, e.g., Berkovich v. Hicks, 922 F.2d 1018, 1022–23 (2d Cir.1991).

dants are therefore not required to produce it.

The same does not hold true for complaints and other disciplinary history that postdate the incident in question. Indeed, in perhaps the leading case concerning the use of similar act evidence in a section 1983 action, the Second Circuit upheld the use of post-incident evidence in support of the plaintiff's excessive force claim against a police officer. *Ismail v. Cohen*, 899 F.2d at 188–89. The defendants' objection to production of information concerning relevant, post-incident disciplinary history is therefore overruled and such information must be produced.

Turning to the redactions issue, the records produced thus far by the defendants have been redacted to exclude the names and other identifying information of complainants and other witnesses involved in the CCRB and IAB investigations of the defendant officers. The information in those records cannot lead to admissible evidence unless the plaintiff's counsel is able to offer testimony from those complainants and other witnesses at trial, as was permitted in *Ismail*. *Id*. Therefore, the plaintiff must be provided with unredacted records that provide the names and contact information of complainants and other non-police department personnel. Any such information is to be maintained in confidence, for attorney's eyes only, and may not be revealed to anyone, including the plaintiff, except that the plaintiff's counsel may provide the information to a licensed investigator who has signed a copy of this order acknowledging his obligation to comply with the above confidentiality provision. The defendants may continue to redact personal information such as tax identification numbers, dates of birth, etc. with respect to all police personnel (both party and non-party), as well as all medical records protected by applicable federal and state laws governing confidentiality.

Finally, the plaintiff complains that the defendants have not revealed what types of disciplinary records within the ten-year period for which they have purportedly provided disclosure have been withheld. The defendants are to submit to the court for *in cam-*

*era* review the complete listing of complaints filed against the officers in the records of the CCRB, the IAB and the CPI to enable the court to determine whether records concerning any other complaints against the officers are subject to production. The submission is to be made within fourteen days.

**SO ORDERED:**