Graves v. Phillips

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of July, two thousand thirteen.

PRESENT: RALPH K. WINTER,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

_____

CARLOS GRAVES,

*Petitioner-Appellant*,

v.                                                          11-4023

W. PHILLIPS, SUPERINTENDENT,

*Respondent-Appellee*.
_____

FOR PETITIONER:     ALAN MITCHEL NELSON, Law Office of Alan Nelson, Esq., Lake Success, New York.

FOR RESPONDENT:     DIANE ROBIN EISNER, Assistant District Attorney (Leonard Joblove and Victor Barall, Assistant District Attorneys, *on the brief*), *for* Charles J. Hynes, District Attorney for Kings County, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-appellant Carlos Graves appeals from the September 16, 2011 order of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *J*.), denying his motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to vacate the district court's 2003 judgment denying Graves's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Graves v. Smith, 811 F. Supp. 2d 601 (E.D.N.Y. 2011).[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Respondent argues as a preliminary matter that Graves's motion is not a valid Rule 60(b)(4) motion but is instead a successive habeas petition that the district court did not have jurisdiction to consider, as this Court had not authorized a successive petition. See 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). A successive habeas petition seeks relief from a state court's judgment of conviction, Gonzalez v. Crosby, 545 U.S. 524, 530 (2005), while a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas

---

[1] The district court issued an amended order on March 26, 2012.

2

proceedings," id. at 532. To the extent Graves seeks to raise a new objection to his conviction based on a Brady violation distinct from that which formed the basis of his original habeas petition, the district court lacked jurisdiction to address such an objection, as this Court had not authorized a successive petition. See 28 U.S.C. § 2244(b)(3). However, Graves has consistently characterized his application as a Rule 60(b)(4) motion,[2] and has alleged a due process violation in his original habeas proceeding. We thus have jurisdiction to consider his argument insofar as he attacks the district court's disposition of that petition.

The motion was properly denied, as there was no procedural unfairness in the district court's 2003 habeas proceeding. Rule 60(b)(4) authorizes the court to relieve a party from a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is not void "simply because it is or may have been erroneous." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (internal quotation marks omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271; see also Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006).

---

[2] To the extent the motion could be construed as a Rule 60(b)(2) or (3) motion, it is time-barred by Rule 60(c)(1)'s one year statute of limitations. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Assuming without deciding that the district court erred in failing to conduct an evidentiary hearing on Graves's original <u>Brady</u> claim, any such error did not amount to a fundamental denial of due process, since Graves suffered no prejudice from the denial of a hearing. Graves contends that if such a hearing had been held, it would have led to the discovery of the evidence he has now discovered of the witness's prior conviction for possession of a weapon. But the prosecution's failure to disclose that conviction[3] did not deny Graves a fair trial, and the presentation of that evidence would not have warranted a different conclusion to his habeas application. The suppression of evidence favorable to an accused violates due process where the evidence is "material," meaning that it creates "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." <u>Strickler v. Greene</u>, 527 U.S. 263, 280 (1999). As the state trial court noted in its detailed, unpublished opinion, the disclosure of the weapons conviction would not have significantly affected the witness's credibility or impacted the verdict, as the jury already knew that the victim dealt drugs from the bodega's back room, where guns were kept, and had considerable familiarity with firearms.[4] "[W]here the

---

[3] Because we conclude that this evidence was not "material" for <u>Brady</u> purposes, we need not consider whether the prosecution knew or should have known of this conviction, which respondent contends was not uncovered by the prosecution because variations in the spelling of the witness's name resulted in a failure to retrieve the conviction despite reasonable efforts to search for his criminal record.

[4] The district court erred in not according AEDPA deference to the state trial court and Appellate Division's determination that there was "no reasonable possibility that the nondisclosure affected the outcome of the trial." <u>People v. Graves</u>, 878 N.Y.S.2d 630, 630 (2d Dep't 2009), <u>leave to appeal denied</u> 13 N.Y.3d 939 (2010). Federal courts must defer to state court decisions on claims that were "adjudicated on the merits in State court proceedings" unless the state court decision was "contrary to, or involved an

4

undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or is subject to extensive attack by reason of other evidence, the undisclosed evidence may properly be viewed as cumulative, and hence not material, and not worthy of a new trial." United States v. Persico, 645 F.3d 85, 111 (2d Cir. 2011).[5]  Further, as the district court noted, the witness's testimony was extensively corroborated by the other witnesses and evidence in the case, including the testimony of one of Graves's accomplices. Graves, 811 F. Supp. 2d at 617. "Where the evidence against the defendant is ample or overwhelming, the withheld Brady material is less likely to be material than if the evidence of guilt is thin." United States v. Gil, 297 F.3d 93, 103 (2d Cir. 2002).[6]

---

unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The Appellate Division's determination was on the merits and was not an unreasonable application of law. While the district court conceded that the Appellate Division adjudicated the claim on the merits, it nevertheless found that the state court's findings were not entitled to deference because its "bare conclusion, without analysis, presents no opportunity for a federal court to assess whether the Appellate Division unreasonably applied federal law." Graves, 811 F. Supp. 2d at 608. A state court is not required "to give reasons before its decision can be deemed to have been 'adjudicated on the merits,'" Harrington v. Richter, 131 S. Ct. 770, 785 (2011), quoting 28 U.S.C. § 2254(d)(1).

[5] Nor does the fact that the witness may have been on probation as a result of the conviction at the time of the robbery affect this conclusion. Graves argues that a person on probation would have an incentive to hide facts from the police and thus not to corroborate Graves's claim that he shot the victims not during a robbery but in self-defense against an "ambush" by the shooting victims, who he claims held a grudge against him. But the witness did admit to being involved in criminal activity, and if he were part of an attempt to murder Graves and not a robbery victim, the fact that he was on probation would hardly add to his motivation not to acknowledge that fact.

[6] The district court also found that there was no prejudice because use by defense counsel of the witness's criminal record "to suggest that his testimony had been tailored

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

to gain favor with the State would have presented serious dangers to the defendant, with the strong possibility of a devastating boomerang effect," as it would have allowed the State to introduce two prior consistent statements by the witness. Graves, 811 F. Supp. 2d at 617. On appeal, Graves argues that he would have successfully argued at trial that the witness's two prior statements were inadmissible because they had been made with the same motive to fabricate as his trial testimony. We need not reach this issue, as the reasons stated in the text suffice to assure us that a different result was not reasonably probable.