BULSARA, United States Magistrate Judge:
Plaintiff has moved to compel five categories of documents. The Court resolves the motion as follows:
1. Benitez first seeks the underlying files related to a 2003 arrest of Bernadette Johnson, the sole eyewitness in Benitez's criminal case, and copies of four complaints she filed with the NYPD. As to the 2003 arrest, Defendants first contend that the documents are not relevant to Benitez's claim of prosecutorial misconduct because the arrest is not Brady material. To do so, Defendants cite a number of cases they contend demonstrate that a single minor arrest would not have changed the outcome of Benitez's trial. Defendants do not articulate the correct standard. A Brady violation requires a showing of materiality-that the failure to disclose deprived the defendant of a fair trial-not whether the "information is unlikely to change the original verdict." (Defs.' Ltr. at 2). "[A] defendant's right to pre-trial disclosure under Brady is not conditioned on his ability to demonstrate that he would or even probably would prevail at trial if the evidence were disclosed, much less that he is in fact innocent." Poventud v. City of New York , 750 F.3d 121, 133 (2d Cir. 2014) (quotations omitted). And "[s]uppressed impeachment evidence is necessarily material where the witness at issue supplied the only evidence linking the defendant(s) to the crime." Graves v. Smith , 811 F.Supp.2d 601, 616 (E.D.N.Y. 2011) (quotations omitted), aff'd sub nom. Graves v. Phillips , 531 F. App'x 27 (2d Cir. 2013).
In this case, Benitez has argued that Johnson's 2003 arrest would have impeached and called into question the credibility of the sole eyewitness in the case, whom the prosecution bolstered with character evidence. These are facts and characterizations that Defendants do not dispute. Defendants also do not argue that Johnson's testimony was corroborated by other witnesses or that Johnson was already a weak witness who was impeached on other grounds. Rather, they identify a series of cases where a court has not found a Brady violation. But this is not a case where "the suppressed impeachment evidence merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." Quinones v. Portuondo , No. 00-CV-8126, 2005 WL 2812234, at *5 (S.D.N.Y. Oct. 21, 2005). It is instead a case "where the likely *87 impact on the witness's credibility would have undermined a critical element of the prosecution's case," United States v. Payne , 63 F.3d 1200, 1210 (2d Cir. 1995), and therefore the 2003 arrest is Brady material. (See Am. Compl. ¶ 70 ("During the trial, Johnson (but no other witness) identified Plaintiff as the perpetrator. There was no other evidence that linked Plaintiff to the crime.") ). In his § 1983 case alleging malicious prosecution, Benitez "has the right to argue to the jury that, with the main State witness impeached, he would have been acquitted based on reasonable doubt or convicted on a lesser charge." Poventud , 750 F.3d at 135. That argument could be the crux of his malicious prosecution claim-and he is also basing his Monell claim on Brady violations (Am. Compl. ¶¶ 114(a)(iv), 121-22)-and as a result, he is entitled to discovery about the Brady violation, including files about the 2003 arrest of the only eyewitness.
As to the copy of the complaints made by Johnson to the police, Benitez has not established the necessary factual nexus between Johnson's complaints and his case. See Rule 26(b)(1). Benitez has not proffered any other evidence adduced in discovery (or even an allegation in the Amended Complaint) that Johnson had a preexisting relationship with police officers or that something about the complaints could have undermined Johnson's credibility. The motion to compel the other police complaints is denied.
2. As for the second request, the parties are sadly, to use a hackneyed phrase, two ships passing in the night. The submissions reflect different versions of what remains at issue and what the parties have agreed to produce or defer. Plaintiff seeks the disciplinary records of the individual defendants, including the underlying investigatory files, for both substantiated and unsubstantiated allegations. Defendants state that the request is too broad because it includes both substantiated and unsubstantiated allegations. But Plaintiff apparently offers to postpone production of files from unsubstantiated allegations, provided closing reports are provided. Defendants do not respond to this offer. Left to its own devices, the Court rules as follows:
With respect to the substantiated allegations, the motion to compel the complete investigatory files is granted. Defendants' conclusory and unsupported allegations of burden and hardship do not defeat Benitez's clear entitlement to the underlying files as relevant material. (Defendants could have outlined the quantity of documents, the number of files, or some relevant information that speaks to the burden of compliance. They did not.) There is a legion of authority suggesting that Defendants must turn over substantiated investigatory files for individual defendants in a § 1983 lawsuit. "It is now commonplace in the courts of this Circuit to require the production of CCRB and IAB files relating to both substantiated and unsubstantiated allegations of similar conduct." Young v. City of New York , No. 10-CV-1701, 2010 WL 3938372, at *1 (S.D.N.Y. Oct. 7, 2010). "In most ... cases the entire CCRB or IAB file was required to be produced[.]" Id. (collecting cases). "[E]xcept for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to ... documents on prior complaints and police history." King v. Conde , 121 F.R.D. 180, 198 (E.D.N.Y. 1988) (emphasis added).
Defendants contend that the files should be limited to those allegations that are similar to the ones in the Complaint, and that there should be a limitation to those incidents which only constitute impeachment *88 material (since the Monell claim is not against the NYPD, but the Queens District Attorney's Office). Even if the cases supported such a limitation, Defendants have offered no facts that allow the Court to apply it. C.f. Barrett v. City of New York , 237 F.R.D. 39, 40 (E.D.N.Y. 2006) ("[T]hose CCRB files which include only allegations of unnecessary force and/or discourtesy by officers are not discoverable here. Conversely, CCRB files that contain allegations of abuse of authority involving unlawful searches and unlawful stops with questioning, or which are relevant to an officer's propensity to tell the truth, will be permitted for discovery purposes."). Presumably, Defendants have the files and lists of substantiated and unsubstantiated allegations; they could have indicated which incidents are "too tenuous to allow discovery." Reyes ex rel. Reyes v. City of New York , No. 00-CV-2300, 2000 WL 1528239, at *1 (S.D.N.Y. Oct. 16, 2000) (quotations omitted). And Defendants have cited no authority to support the argument that the files are limited to impeachment material, and the Court concludes such a limitation is at odds with the presumption of access to all disciplinary files. (One of cases they cite- Velez v. City of New York -has nothing to do with discovery. See Velez v. City of New York , No. 04-CV-1775, 2012 WL 1237646 (E.D.N.Y. Apr. 12, 2012), aff'd , 730 F.3d 128 (2d Cir. 2013) ). The many cases in which the City of New York has been forced to disclose disciplinary files (see supra ) have not imposed a Monell -nexus on the discovery. That is, the officers' conduct need not be subject to a Monell claim for the disciplinary files to be discoverable. The fact that the individual defendants worked at the NYPD and it is the DA's office that is the subject of Benitez's Monell claim does not preclude discovery into the complaints against the officers. They are defendants, not third-parties. To the extent there is a limitation on the files that may be imposed, it is one of relevance-an argument that the discipline from a particular incident is too attenuated from the alleged litigation misconduct-but as noted, Defendants have failed to provide any information on which to base any limitation.
Defendants argue that a temporal ten-year limitation should be placed on the disciplinary files, and no files from post-Complaint incidents should be discoverable. "Contrary to the defendants' contention, the age of CCRB complaints does not render the records less likely to lead to relevant or admissible evidence." Barrett , 237 F.R.D. at 40 (citing cases where complaints older than ten years were deemed discoverable). "Both CCRB and IAB records are ... presumptively discoverable, regardless of the age ... of the underlying complaint." Fountain v. City of New York , No. 03-CV-7790, 2004 WL 1474695, at *1 (S.D.N.Y. June 30, 2004). And in this instance, Defendants have not rebutted this presumption of discoverability with any facts about the age of complaints and files from which the Court could impose an appropriate time limitation.
As to the files for unsubstantiated allegations, Defendants do not make any different arguments. In light of Plaintiff's request only for the closing reports for such allegations, that is all Defendants must produce.
3. There is an evident failure to meet and confer about the requests for personnel files from the Queens County District Attorney's Office. Plaintiff submitted a list of cases for which he is seeking files. Defendants state that the list has inaccuracies and they have agreed to produce documents for several of the cases on the list. The parties can discuss between themselves whether documents have or have not been produced.
*89 As to whether documents from all the cases should be produced, Defendants seek to impose a ten-year time limitation on the records. Defendants cite to a single case in support of their time limitation: Phillips v. City of New York , 277 F.R.D. 82 (E.D.N.Y. 2011). Phillips is inapposite. It addressed a potential ten-year limitation on officer disciplinary records. Id. at 83. (As discussed above, without any facts proffered by Defendants, there is no basis to impose a similar limitation on disciplinary records in this case). But here Benitez is seeking documents in support of his Monell claim, and as a result, a different calculus applies. It is not the individual defendant whose conduct is at issue. It is the conduct of the municipality, and policy or practice may have originated well before the ten years prior to the filing of the lawsuit. "When asserting a Monell claim, plaintiff is required to prove a pattern or practice, and therefore the dates of the incidents do not render the records less likely to lead to evidence admissible at trial." Nunez v. City of New York , No. 11-CV-5845, 2013 WL 2149869, at *4 (S.D.N.Y. May 17, 2013) (quotations and alternations omitted). Indeed, where the plaintiff alleges-as he does here-that those who engaged in improper conduct were never disciplined, but were in fact lauded or promoted, then the ten-year time limitation is particularly inapposite. Id.
Defendants then argue that the cases should be limited to those cases where the misconduct is similar to that experienced by Benitez. They then reiterate the claims about burden. The arguments ignore the context of the case. Plaintiff has proffered a specific list of cases, and agreed to use the files from a prior litigation; it is not a general speculative inquiry into Defendants' files, but a directed and focused list of 26 cases that can be identified and retrieved. More importantly, the limitation proffered by Defendants is premised on the fact that several cases on the list involve Brady violations and that Benitez did not suffer a Brady violation. Given that there is a limited identified universe of documents sought, this is really an objection to admissibility, not relevance. And Benitez has demonstrated relevance. As noted above, he has identified at least one piece of potential Brady material withheld, and has alleged Brady violations in his Complaint.
As to the remaining two items in the motion to compel, Defendants have agreed to produce the documents sought, and the motion is denied as moot.
* * *
Therefore:
1. Defendants are ordered to produce the records associated with the 2003 arrest of Bernadette Johnson;
2. Defendants are ordered to produce the complete investigatory files of substantiated allegations against individual defendants and the closing reports of investigatory files of unsubstantiated allegations against individual defendants; and
3. Defendants are ordered to produce the personnel files from the Queens County District Attorney's Office associated with the 26 cases listed in Exhibit E of Plaintiff's motion.
These documents shall be produced within 45 days of this order.
SO ORDERED.